## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

AARON J. SCOTT,
    Plaintiff,

v.                       Case No. 8:25-cv-674-TPB-TGW

POLK COUNTY SHERIFF'S OFFICE,
SHERIFF GRADY JUDD,
DEPUTY DUSTIN JARETT WADE,
DEPUTY DOMINIC ALEXANDER COVIETZ,
SGT. TIMOTHY LYNCH, JR.,
DEPUTY GOODMAN, JR.,
MATTHEW BEEBE,
DEPUTY KRISTINA FITZGERALD,
and UNKNOWN PERSONNEL
TO BE DETERMINED AT A LATER DATE
    Defendants.

## REPORT AND RECOMMENDATION

The plaintiff filed an affidavit of indigency pursuant to 28 U.S.C. 1915 (Doc. 2), seeking a waiver of the filing fee for his complaint. He alleges violations of his civil rights under 42 U.S.C. §1983 in connection with an arrest and purported unlawful detention under the Baker Act.

The complaint does not comply with the Federal Rules of Civil Procedure, and it fails to state a claim upon which relief may be granted. I therefore recommend that the plaintiff's complaint (Doc. 1) be dismissed, with leave to file an amended complaint.

I.

Under 28 U.S.C. 1915(a)(1), the court may authorize the filing of a civil lawsuit without prepayment of fees if the plaintiff submits an affidavit that includes a statement of all assets showing an inability to pay the filing fee and a statement of the nature of the action which shows that he is entitled to redress.  Even if the plaintiff proves indigency, the case shall be dismissed if the action is frivolous or malicious, or fails to state a claim upon which relief may be granted.  28 U.S.C. 1915(e)(2)(B)(i), (ii).

Furthermore, although "allegations of a pro se complaint [are held] to less stringent standards than formal pleadings drafted by lawyers .... this leniency does not give a court license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action."  Campbell v. Air Jamaica Ltd., 760 F.3d 1165, 1168-69 (11th Cir. 2014).

II.

The plaintiff alleges, among other claims, that the Polk County Sheriff's Office unlawfully arrested him, and that Deputy Dustin Jarrett Wade Sheriff's Office used excessive force in effecting the arrest (Doc. 1, p. 2). The plaintiff also alleges that he was unlawfully detained under the Baker

2

Act,[1] and denied due process in connection with these incidents (id.).

The plaintiff's complaint is procedurally and substantively deficient.[2] First, the complaint does not comply with the Federal Rules of Civil Procedure. Specifically, Rule 10(b), F.R.Civ.P., requires the plaintiff to plead discrete claims in separate counts and identify in separate numbered paragraphs the pertinent facts supporting that claim. Rule 10(b), F.R.Civ.P; McNeil v. United States, 508 U.S. 106, 113 (1993) (pro se litigants must comply with procedural rules that govern pleadings). The plaintiff patently fails to meet this requirement, as he merely lists sections titled "Parties," "Facts," and "Claims for Relief," without separating the claims into distinct counts against each defendant or identifying the pertinent facts supporting each claim (see Doc. 1, pp. 1-2).

Additionally, other than a conclusory allegation of excessive force against Deputy Wade, the plaintiff does identify the alleged acts of wrongdoing he attributes to each defendant (of which there are several) (see id., p. 2). Therefore, this is also an improper shotgun complaint that is

---

[1] The Baker Act permits "emergency and temporary detention" of an individual whose behavior is deemed to present an imminent threat of danger to the individual or others. Fla. Stat. §394.451, et seq.

[2] In the interest of judicial economy, and considering that the court may not rewrite an otherwise deficient pleading, Campbell v. Air Jamaica Ltd., supra, 760 F.3d 1165 at 1168-69, this is not an exhaustive list of deficiencies.

condemned by the Eleventh Circuit Court of Appeals.  See Barmapov v. Amuial, 986 F.3d 1321, 1324 (11th Cir. 2021) ("[T]he final type of shotgun pleading is a complaint that "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against.").  This deficiency, by itself, warrants dismissal.  See id. at 1324 (Shotgun pleadings "are flatly forbidden by the spirit, if not the letter, of these rules.").

Additionally, the plaintiff includes as defendants "Unknown Personnel To Be Determined At A Later Date" (Doc. 1, p. 1).  This is impermissible.  See Weiland v. Palm Beach County Sheriff's Office, 792 F.3d 1313, 1318 n.4 (11th Cir. 2015) ("As a general matter, fictitious-party pleading ... is not permitted in federal court."); Rule 10(a), F. R. Civ. P. ("The title of the complaint must name all the parties.").[3]

Second, the complaint is substantively deficient, as the "Facts" section is essentially a list of legal conclusions.  For example, the plaintiff

---

[3] Furthermore, the plaintiff's lawsuit against the Sheriff in his official capacity is the functional equivalent of a suit against Polk County Sheriff's Office. See Holder v. Gualtieri, No. 8:14-CV-3052-T-33TGW, 2016 WL 1721405, at *11 (M.D. Fla. Apr. 29, 2016).

asserts vague allegations of "excessive force" and "unlawful detention" without asserting the factual bases of those claims. The plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions. See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). Thus, a plaintiff must include in the complaint factual allegations that at least provide "plausible grounds to infer" each defendant violated his Constitutional rights. See Watts v. Florida International University, 495 F.3d 1289, 1295 (11th Cir. 2007); see also Fullman v. Graddick, 739 F.2d 553, 556-57 (11th Cir. 1984) ("more than conclusory and vague allegations are required to state a cause of action under 42 U.S.C. § 1983."). Therefore, the plaintiff's failure to state an adequate factual basis for any of these serious claims of constitutional violations also warrants dismissal of the complaint. See id.[4]

III.

In sum, construing the plaintiff's complaint liberally, Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998), the

_____

[4] Additionally, the plaintiff is advised that a cognizable §1983 claim against the Sheriff will require him to demonstrate the violation of a constitutional right caused by enforcement of a policy or custom of the municipality. McDowell v. Brown, 392 F.3d 1283, 1289 (11th Cir. 2004). The plaintiff has not alleged a policy or custom of Sheriff Grady Judd, much less the moving force behind an alleged constitutional violation.

plaintiff has failed to state a claim upon which relief may be granted. Accordingly, the complaint should be dismissed.    <u>See</u>  28  U.S.C. 1915(e)(2)(B)(ii).

However, in this circumstance it is appropriate to permit the plaintiff to file an amended complaint. Although it is highly doubtful that the plaintiff can state a cognizable claim, the district court generally may not dismiss an <u>in forma pauperis</u> complaint without allowing leave to amend as permitted under Rule 15, F. R. Civ. P. <u>See</u> <u>Troville</u> v. <u>Venz</u>, 303 F.3d 1256, 1261 n.5 (11th Cir. 2002). Therefore, I recommend that the complaint be denied without prejudice to the plaintiff filing an amended complaint within 21 days.

Respectfully submitted,

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE

DATED: July <u>3</u>, 2025.

### NOTICE TO PARTIES

The parties have fourteen days from the date they are served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. 636(b)(1)(C). Under 28 U.S.C. 636(b)(1), a party's failure to object to this report's proposed findings and

recommendations waives that party's right to challenge on appeal the district court's order adopting this report's unobjected-to factual findings and legal conclusions.